IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ELLEN EMMICH                                                                                           PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:15-cv-389-CWR-FKB

MAA, INTERNATIONAL; ET AL.                                                                  DEFENDANTS

REPORT AND RECOMMENDATION

On May 28, 2015, Plaintiff Ellen Emmich filed a complaint [1] in this court, identifying the following defendants: "MAA International; Associates; Network and contract affiliates." [1] at 1.  With the docket reflecting no issuance and no service of summons upon any defendant, the court entered a show cause order [7] on January 14, 2016, ordering Plaintiff to show cause as to why the action should not be dismissed for failure to prosecute and failure to effect timely service.  On January 28, 2016, Plaintiff filed her response [8] to the show cause order.  Plaintiff's response, however, fails to address the lack of service of process upon the defendants in this matter.  Instead, the response makes a "request for arbitration" of the issues and asks "the Court to assist in resolving this dispute." *Id.* at 1-2.  While the undersigned is sympathetic to Plaintiff's personal circumstances outlined in the attachment to her response, those circumstances do not relieve Plaintiff of the requirements of service of process mandated by the rules of court.

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant. . . . But

if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Even where "good cause is lacking, the court has discretionary power to extend the time for service [when] warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Newby v. Enron Corp.*, No. 06-20658, 2008 WL 2605118, at *2 (5th Cir. July 2, 2008) (quoting Fed. R. Civ. P. (4) advisory committee's note (1993)).

In accordance with Rule 4(m), the court's show cause order gave Plaintiff notice that if she could not show good cause for her failure to serve defendants, the action may be dismissed. Plaintiff's response failed to provide good cause and, moreover, wholly failed to address the issue of service of process. Further, the undersigned finds no reason in this matter for the court to exercise its discretionary power to extend the time for service in the absence of good cause. Accordingly, the undersigned recommends that this case be dismissed without prejudice for failure to timely serve the purported defendants.

Plaintiff is referred to Rule 72(b) of the Federal Rules of Civil Procedure for the appropriate procedure in the event she desires to file objections to these findings and recommendations. Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar her, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir.

```
```
 
1996).

    Respectfully submitted, this the 12th day of February, 2016.

                                /s/ F. Keith Ball  
                                UNITED STATES MAGISTRATE JUDGE